**A. N. MACDIARMID**

v.

**LAWBAR PETROLEUM.**

**No. SA 75 CA 268.**

United States District Court,
W. D. Texas,
San Antonio Division.

Order of Remand Sept. 13, 1978.
Motion for Reconsideration Sept. 25, 1978.

Franklin D. Houser, San Antonio, Tex., for plaintiff.

Ralph Langley, Emerson Banack, Jr., San Antonio, Tex., for defendant Lawbar Petroleum.

Paul M. Green, San Antonio, Tex., for third party defendant Gensco, Inc.

ORDER OF REMAND

SPEARS, Chief Judge.

On this date came on for consideration the third party defendant's motion to remand or in the alternative to dismiss, along with the defendant Lawbar Petroleum, Inc. and Gilbert Brown's response thereto. Since the plaintiff has failed to respond to the third party defendant's motion to remand filed on September 1, 1978 as required by Local Court Rule 14(f), the Court must presume that the plaintiff does not oppose said motion.

This case is presently before this Court after having been removed from the 81st Judicial District Court of Frio County, Texas upon the defendant's petition for removal which was filed in this cause on October 17, 1975. It now appears that this same defendant, Lawbar Petroleum, which sought and obtained the removal of this cause has now joined in the third-party defendant's motion to remand this case to the state court from whence it came.

Although this cause was originally removed without challenge upon the purported basis of diversity jurisdiction, the briefs of the parties now allege that although Lawbar Petroleum, Inc. is a foreign corporation, its principal place of business is in Texas, rather that in California as previously alleged in the defendant's petition for removal. These uncontroverted allegations are supported by the likewise uncontroverted affidavit of Jack R. Mills, the vice-president and secretary of Lawbar Petroleum, Inc.

■ The only possibility for the existence of diversity jurisdiction in this case depends upon the defendant Lawbar's principal place of business, in light of the fact that the plaintiff is domiciled in Texas and the further fact that the third party defendant is a Texas corporation. 28 U.S.C. § 1332(c). In making such a determination as to Lawbar's principal place of business, the Court should examine the "total activity" of the corporation. *Anniston Soil Pipe Co. v. Central Foundry Co.*, 216 F.Supp. 473 (N.D.Ala. 1963), aff'd 329 F.2d 313 (5th Cir. 1964).

■ After thoroughly reviewing the evidence thus far presented to the Court on the motion to remand, it appears and the Court so finds that the defendant Lawbar Petroleum, Inc. has its principal place of business in the State of Texas.[1] It therefore appears to the Court that this case was removed improvidently and in the absence

of diversity jurisdiction. 28 U.S.C. § 1447(c). It is therefore

ORDERED that the above cause be and the same is hereby REMANDED to the 81st Judicial District Court of Frio County, Texas, and that all costs be taxed against the defendant Lawbar Petroleum.

## MOTION FOR RECONSIDERATION

On this date came on for consideration the plaintiff's motion for reconsideration of the order of remand, along with the defendant's response thereto, and after due deliberation, it is the opinion of the Court that said motion should be denied.

The motion for reconsideration alleges that the plaintiff filed its response to the defendant's motion to remand subsequent to the entry of the order of remand. Even though plaintiff's response was not filed until thirteen (13) days after the third-party defendant Genesco, Inc. had moved to remand the case,[1] the Court has now reviewed that response and is nevertheless convinced that the case has been properly remanded.

■ Although the plaintiff argues that the defendant should be judicially estopped to deny jurisdiction, this argument must be rejected. Federal jurisdiction cannot be conferred by consent, agreement or stipulation of the parties. *Warren G. Kleban Engineering Corp. v. Caldwell*, 490 F.2d 800, 803 (5th Cir. 1974). "Federal subject matter jurisdiction cannot be created by consent, waiver, *or even estoppel.*" *Potomac Passengers Ass'n v. Chesapeake & Ohio Ry. Co.*, 171 U.S.App.D.C. 359, 363, 520 F.2d 91, 95 (1975) (emphasis supplied). Therefore, although a party may be estopped to assert federal jurisdiction as in *Gravitt v. Southwestern Bell et al.*, 416 F.Supp. 830 (D.C.), aff'd 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d

---

1. In this connection, the question here decided is remarkably similar to the question presented in *National Exploration Company v. Jeff Porter Sellers, et al.*, No. SA 74 CA 272 (W.D.Tex. 1974). Particular reference is made to this Court's unpublished order to show cause entered in that cause on December 11, 1974.

1. Local Court Rule 14(f) provides: "If the respondent opposes a motion, he shall file his response, . . . brief, and such supporting documents as are then available, within ten [10] days after service of the motion."

1 (1977), a party will not conversely be estopped from challenging the existence of federal jurisdiction.

The plaintiff, in its response, has not challenged the truthfulness of the defendant's most recent assertion that its principal place of business is within the State of Texas. It is, therefore, still the opinion of this Court that this case was removed improvidently and without jurisdiction, so that the entry of the order of remand on September 13, 1978 pursuant to 28 U.S.C. § 1447(c) was appropriate.

The second matter raised by the plaintiff's response was a request for this Court to award attorney's fees incurred by the plaintiff by reason of the improper removal of this case to federal court. Absent an authorizing statute or enforceable contract, litigants are required to pay their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 257–259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). The plaintiff cites no such statute or contract and presumably relies upon the limited exception to the general rule governing the award of attorney's fees where a party has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Alyeska Pipeline Co. v. Wilderness Society, supra*. After thoroughly reviewing the file, it is the opinion of the Court that the instant case should be distinguished from *Bass v. Elliot*, 71 F.R.D. 693 (E.D.N.Y.1976). The defendant herein has alleged that its action in seeking removal was based upon a good faith mistake. In the case of *Bass v. Elliot* the case was removed for the sole purpose of seeking dismissal for lack of jurisdiction. The facts of the instant case simply do not reflect the bad faith which is a prerequisite to an award of attorneys fees. *Smith v. Student Non-Violent Coordinating Committee*, 421 F.2d 522 (5th Cir. 1969).

It is therefore,

ORDERED that the plaintiff's motion for reconsideration of the order of remand and the plaintiff's request for attorney's fees in connection with the removal of this cause are hereby DENIED.