**PENROD DRILLING CORPORATION, Plaintiff,**

v.

**GRANITE STATE INSURANCE CO., et al., Defendants.**

**Civ. A. No. L–89–70.**

United States District Court, S.D. Texas, Laredo Division.

Oct. 17, 1990.

George H. Kolb, William G. Whitehill, Joe B. Harrison, Gardere & Wynne, Dallas, Tex., James K. Jones Jr., Laredo, Tex., for Penrod Drilling Corp.

Jerry Kacal, Dunn, Kacal, Adams, Pappas & Law, Houston, Tex., Robert Keith Drummond, Strasburger & Price, Michael Wayne Johnston, Dallas, Tex., Frank J. Saldana Jr., Laredo, Tex., for Granite State Ins. Co. and American Intern. Underwrite.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending are Plaintiff Penrod Drilling Corporation's (Penrod) Application for Attorney's Fees and Defendants' opposition to the motion. Defendants raise two questions: 1) was the award of attorney's fees proper under 28 U.S.C. § 1447(c); and 2) if proper, did Penrod sufficiently document its fee application?

■ *Award of Attorney's Fees.* In assessing the propriety of the award of attorney's fees, the Court looks first to the language of the statute:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c). As the parties have rightly noted, wide discretion is given to the trial court in assessing these expenses on the removing party after remand. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir.1974). Defendants contend that this discretion is constrained as to the award of attorney's fees and cite cases stating that such fee awards are allowed only where the party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 257–59, 95 S.Ct. 1612, 1621–23, 44 L.Ed.2d 141 (1975) (quoted in *A.N. MacDiarmid v. Lawbar Petroleum*, 456 F.Supp. 503, 505 (W.D. Tex.1978)). In *Alyeska Pipeline*, the Supreme Court was stating the so-called "American rule" that *in the absence of a statute or contract to the contrary* attorney's fees should not be awarded unless there is demonstrable "bad faith," etc. Prior to 1988, Defendants' contentions and authorities would have been more compelling. Prior to 1988, § 1447(c) did not specifically include attorneys fees. Defendants rely on several cases that note the absence of provision for attorney's fees in the statute and conclude that while bad faith is not required to award "costs", bad faith must be shown to award attorney's fees. *MacDiarmid, supra; Armstrong v. Goldblatt Tool Co.*, 609 F.Supp. 736, 739 (D.Kan.1985) (costs awarded under § 1447(c), but not attorney's fees for lack of showing of bad faith, vexatious or wanton conduct); *Medical Legal Consulting Serv. v. Covarrubias*, 648 F.Supp. 153, 158–60 (D.Md.1986) (costs, but not attorney's fees, awarded—no bad faith; citing *Alyeska Pipeline* and noting that "an amendment to the statute probably is necessary to provide the courts with authority to [award fees]"); *News–Texan, Inc. v. City of Garland, Tex.*, 814 F.2d 216, 220 (5th Cir.1987) ("section 1447(c) does not require bad faith as a precondition to an award of costs"). However, in November of 1988, Congress amended § 1447(c) to allow the award of attorney's fees in addition to the award of costs. Judicial Improvements and Access to Justice Act of 1988, Pub.L. 100–702, 102 Stat. 4642, § 1016(c)(1). Clearly, this amended language brings the award of attorney's fees under the same analysis as "just costs," removing the need to show bad faith or vexatious, wanton, or oppressive conduct to receive attorney's fees under § 1447(c). This interpretation of § 1447(c), as amended, was endorsed in a recent district court opinion:

> [Nonmovant] argues the statutory change does not alter the established standard for awarding attorney's fees on remand only when the removal has been in "bad faith, vexatious . . . ." This argument entirely misapprehends the "American rule" on the award of attorney's fees. The award of attorney's fees is but one exception to the "American rule" and is vested in the "inherent power" of the courts. [citing *Alyeska Pipeline* ] This exception in no way impacts upon Congress' power "to pick and choose among its statutes and to allow attorney's fees under some, but not others." [citation omitted] By virtue of the amendment to § 1447(c), attorney's fees are now treated in the same fashion as costs, with both matters being left to the court's discretion.

*Elkhart Co-op Equity Exchange v. Day*, 716 F.Supp. 1384, 1388 (D.Kan.1989). The Court finds this reading of the amended statute persuasive. To the extent that the case of *Beightol v. Capitol Bankers Life Ins. Co.*, 730 F.Supp. 190, 196 (E.D.Wis. 1990) still requires a finding of "good faith," this Court declines to follow it. The existence of "good faith" was not required for an award of "just costs" before 1988, *News–Texan, supra*, and there is no reason why it should be required now that the definition of "costs" has been expanded to include attorneys fees.

Therefore, this Court finds no reason to disturb its earlier decision to award attorney's fees. Defendants' Motion to Reconsider is DENIED.

■ *Application for Attorney's Fees.* Defendants' contend that the Plaintiff's application for attorney's fees lacks sufficient specificity or clarity to allow this Court to make a fair award. Defendants acknowl-

edge that Penrod's attorneys have submitted detailed time records but protest that some of the time entries are "mixed," involving activities not strictly limited to the remand issue.

The Court accepts the amended affidavit and records submitted by William G. Whitehill, who avers that he has personal knowledge of any "mixed" billings and claims to have made appropriate reductions. Defendants, though vigorously opposed to Plaintiff's Application, have failed to challenge the reasonableness of the time spent or fees charged.

*Calculation of Award.* Following the method delineated in *Johnson, supra,* the Court has reviewed the Plaintiff's Application and makes the following findings.

(1) This suit originated in state court and came to this Court on a removal petition filed by the Defendants. Plaintiff shortly thereafter moved for remand and filed supporting briefs. The Magistrate recommended that Plaintiff's motion to remand be granted. Defendants' filed objections with this Court to the Magistrate's recommendation, and the Plaintiff responded. This Court agreed with the Magistrate, found the case improvidently removed and ordered it remanded, taxing costs, including reasonable attorney's fees, to the Defendants.

Plaintiff retained the services of the law firm of Gardere & Wynne of Dallas, Texas in this case. Attorneys Joe B. Harrison, Stacy Obenhaus, William G. Whitehill, and Carol L. Wolfram of Gardere & Wynne performed work for Plaintiff in pursuing the remand of this case. Mr. Harrison performed supervisory functions [1.3 hours]. Mr. Obenhaus did a portion of the research and drafting of the motion and supporting briefing [16.6 hours]. Mr. Whitehill was responsible for a major part of the research and drafting [49.5 hours]. Ms. Wolfram did some limited research work. [4.6 hours].

The Court accepts as reasonable the documentation of counsel as to time required on the removal and remand questions by each attorney involved, and finds no reason to adjust these amounts up or down.

(2) The Court concludes that, although this matter did turn on some unusual points of law requiring substantial effort on the part of counsel, the analytical effort did not rise to the level of exceptionally novel or difficult.

(3) Plaintiff's counsel capably presented and pursued their motion. The Court found the matter ably briefed.

(4) Plaintiff's counsel specifically admits that work on this case did not preclude other employment.

(5) Plaintiff's counsel claims different hourly rates for each of the four attorneys involved. The rates vary due to the level of experience. The Court finds these rates to be within the expected range for attorneys of these experience levels in the Dallas legal community, and, in the absence of any contrary evidence, concludes that Plaintiff's hourly rates are reasonable.

(6) The fee here was apparently fixed. The Court finds no basis in this factor to adjust the award upward or downward.

(7) Plaintiff's counsel specifically admits that time limitations imposed by this case were not unusual or extraordinary.

(8) The amount involved is substantial in that Plaintiff asserts that the Defendants negligently interposed themselves and settled claims against the Plaintiff-insured for $2,178,000, which will impact Plaintiff through the Defendants-insurers' retrospective premium setting. Plaintiff's counsel correctly notes that they successfully defended their client's ability to pursue its claim in its preferred forum. The Court does not find these facts sufficient to alter the award in either direction.

(9) The Court is aware that Gardere & Wynne is a sizable and respected firm; however, the Court is not personally familiar with the reputation of any of the individual attorneys.

(10) Plaintiff's counsel did not mention any element of undesirability attaching to this case.

(11) Plaintiff has retained the services of Gardere & Wynne for in excess of three

years. This factor does not suggest adjustment of the fee upward or downward.

(12) Neither party has put forward evidence of other awards in cases similar to this one. The Court's experience and research indicate that the award amount put forward by Plaintiff's counsel would be consistent with similar awards made by this Court and others in the area.

 In summary, the Court finds that the reasonable amount of time spent and fees charged by each attorney of counsel to Plaintiff in this matter, based on their respective levels of experience and ability, are as follows:

| Attorney | Hour | Rate | Expense |
|---|---|---|---|
| Joe B. Harrison | 1.3 | $245.00 | $ 318.50 |
| Stacy Obenhaus | 16.6 | 135.00 | 2,241.00 |
| William G. Whitehill | 49.5 | 160.00 | 7,920.00 |
| Carol L. Wolfram | 4.6 | 145.00 | 667.00 |
| | | | $11,146.50 |

Paying close attention to factors (1), (5), (8), and (9), the Court concludes that the above fees are customary and reasonable for this matter. *Copper Liquor, Inc. v. Adolph Coors Co., [II]*, 624 F.2d 575, 583 (5th Cir.1980). Moreover, the Court finds nothing in its review of the other *Johnson* factors to recommend adjusting these findings. It is therefore ORDERED that Plaintiff Penrod is awarded the sum of $11,146.50 as reasonable attorney's fees under 28 U.S.C. § 1447(c).

DONE.