**SUMMIT MACH. TOOL MFG. CORP., Plaintiff,**

v.

**GREAT NORTHERN INS. CO.; Chubb & Sons, Inc.; and Ribbens Intl., Inc., Defendants.**

Civ. A. No. L–94–139.

United States District Court, S.D. Texas, Laredo Division.

Feb. 24, 1995.

H.N. Cunningham, III, Robert H. Bezucha, Pulley Cole Roberts, Cunningham & Stripling, Dallas, TX, for plaintiff.

Russell W. Schell, Michael C. Lawrence, Schell Nichols Thompson Beene & Vaughn, Dallas, TX, for Great Northern Ins. Co. and Chubb & Sons, Inc.

Robert J. Birnbaum, Austin, TX, for Ribbens Intern.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

On December 6, 1994, the Court entered an order under 28 U.S.C. § 1447(c), remanding this case to state court and awarding Plaintiff costs and reasonable attorney fees. Plaintiff has requested $14,987.50 in attorney fees and $1,404.00 in expenses. Defendants contend that these fees are excessive.

### A. Reasonable Attorney Fees.

In computing an attorney fees award under § 1447(c), the Court first multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. E.g., Penrod Drilling Corp. v. Granite State Ins. Co., 764 F.Supp. 1146 (S.D.Tex.1990); Wahl v. Ravenswood Hosp. Med. Ctr., 1993 WL 311733 (N.D.Ill.). This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. Hensley v. Eckerhart, 461 U.S. 424, 432, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

In this case, Plaintiff's counsel, H.N. Cunningham and Robert H. Bezucha, billed a total of 119.9 hours. They spent 34.4 hours preparing the first motion to remand (Cunningham: 5.0 hrs; Bezucha: 29.4 hrs) and 85.5 hours (Cunningham: 32 hrs; Bezucha: 53.5 hrs) preparing their second motion to remand.[1] While Plaintiff provides the Court with a list of the activities performed by

---

1. Defendants first removed this case on August 15, 1994. Plaintiff filed a motion to remand on September 7, 1994 arguing that Defendants notice of removal was defective because it did not offer a reason for the failure to join Defendant Ribbens International. The Court issued a memorandum and order on September 29, 1994 permitting Defendants to file an amended notice of removal explaining why Ribbens' joinder was not required. Defendants did so on. Plaintiffs filed a timely motion to remand, which the Court granted.

counsel, such as conducting "[v]arious telecoms with opposing counsel and client; review[ing Defendants'] response to remand motion; research[ing] various aspects of removal jurisdiction; [and] prepar[ation] of Motion for Leave to Reply to Defendants' Response," *see* Supplemental Affidavit of Robert H. Bezucha ¶¶ 5 & 6, it has failed to document in sufficient detail the number of hours devoted to each of these activities.

The Court did receive Plaintiff counsel's time sheets, albeit as an exhibit to Defendant's Supplemental Response to Plaintiff's Request for Attorney Fees. However, these time sheets provide little insight. Prior to turning the sheets over to Defendants, Plaintiff's counsel redacted many of the captions describing the work performed. The remaining captions are vague, consisting entirely of phrases such as "work on motion to remand," "research on issue of removability," and "prepare brief in support of motion to remand." In some cases, the caption refers to several activities but includes only one time entry, thus making it impossible to determine how much time was spent on each activity.

Without adequate documentation for the hours billed by Plaintiff's counsel, the Court is hardpressed to believe Plaintiff's claim that the motions to remand and related briefing required 119.9 hours of work. It involved the limited issue of whether the release agreement between ASEMEX and Summit released Ribbens International from liability for damage to Summit's machinery. The Court finds that the time spent by Defense counsel, approximately 70 hours, to be more in line with professional norms.

The Court does note, though, as Defendants' concede, that Plaintiff's counsel was reasonable in billing 10 more hours than Defendants' counsel for the Ribbens deposition in San Diego, California. This additional time was apparently due to the fact that Plaintiff's counsel had to fly from Dallas, Texas whereas Defendant's counsel had only to make a short commuter flight from Phoenix, Arizona. Thus, the Court determines that 80 hours was a reasonable amount of time for Plaintiff's counsel to bill on this case.

Cunningham and Bezucha charged an hourly rate of $125.00. Although Defense counsel charged an average hourly rate of $98.00, the Court concludes that the rate charged by Plaintiff's counsel was reasonable given that both Cunningham and Bezucha are experienced attorneys in the area of transportation law.

As the Supreme Court stated in *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1940, the product of reasonable hours (80 hrs) and a reasonable rate ($125 per hour) does not end the inquiry. The Court must still determine whether any exceptional circumstances warrant the adjustment of the award upward or downward. These include the novelty and difficulty of the case; the skill required; preclusion of other employment; the attorney's customary fee; whether the fee is fixed or contingent; time limitations imposed by client; amount involved and results obtained; experience and reputation of attorney; undesirability of the case; nature and length of the professional relationship; and awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir.1974); *Penrod*, 764 F.Supp. at 1148.

The Court concludes that no special circumstances exist in this case to warrant an adjustment up or down. Consequently, the Court holds that Plaintiff is entitled to attorney fees of $10,000, the product of 80 hours of work at $125 per hour.

### B. *Reasonable Expenses.*

Plaintiff also requests $1,404 in expenses incurred in connection with the Ribbens deposition. These expenses are documented: $904 in air travel expenses, $119 in hotel expenses, and $378.38 in court reporter fees. Nevertheless, the Court will award Plaintiff only half of the expenses requested. This is because Ribbens International remains a party to the suit and much of the testimony gathered by Plaintiff during this deposition will be useful during later stages of the litigation. The Court awards Plaintiff $702 in expenses.

The Court ORDERS Defendants to pay Plaintiff $10,000 in attorney fees and $702 in expenses.