**ALLSTATE INSURANCE COMPANY**

v.

**FORD MOTOR COMPANY.**

**Civil Action No. 96–2511.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Dec. 17, 1996.

Michael D. Hislop, Bolen Erwin & Johnson, Ltd., P.L.C., Alexandria, LA, for Allstate Insurance Co.

Robert William Maxwell, J. Jeffery Raborn, Pulaski Gieger & Laborde, New Orleans, LA, for Ford Motor Co.

### RULING

LITTLE, Chief Judge.

Before this court is plaintiff Allstate Insurance Company's Motion to Remand this action to the Ninth Judicial District Court, Rapides Parish, Louisiana. For the following reasons, we GRANT Allstate's motion and award Allstate its costs and expenses incurred as a result of Ford's improper removal.

### I.

Allstate filed this suit on 4 October 1996 in the Ninth Judicial District Court, Rapides Parish, Louisiana. Allstate alleged that Ford, a foreign corporation authorized to do business in Louisiana, defectively manufactured a 1995 Ford Ranger automobile that was purchased by Timothy Leger. On 9 October 1995 the Ranger allegedly caught fire because of a manufacturing defect, suffering extensive damage. Allstate insured the Ranger for Leger and paid Leger $14,511 for the loss of the Ranger. Leger, in turn, assigned his claim against Ford to Allstate. After Allstate filed suit in state court, Ford timely filed a notice of removal to this court on 28 October 1996. Allstate now moves to remand this action to the state court pursuant to 28 U.S.C. § 1447 on the ground that we lack subject matter jurisdiction under 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1447(c), Allstate also seeks to recover from Ford its costs and expenses incurred as a result of the removal.

### II.

The general rules of removal from state court to the United States District Court are set forth in 28 U.S.C. § 1441(a): "any civil

action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The procedure for removal is set forth in 28 U.S.C. § 1446(a): "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court ... a notice of removal ... containing a short and plain statement of the grounds for removal." The notice of removal shall be filed within thirty days after the defendant is served with the complaint. 28 U.S.C. § 1446(b).

A motion to remand must be made within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). A motion to remand may be made on the basis of "any defect in removal procedure" *Id.* The district court has general authority to remand a case under any of the following circumstances: (1) it must act on a timely motion to remand based on a defect in removal procedure; (2) it must remand a case over which it has no subject matter jurisdiction; and (3) it has discretion to remand state law claims that were removed along with one or more federal question claims. 28 U.S.C. § 1447; *Buchner v. F.D.I.C.,* 981 F.2d 816, 819 (5th Cir.1993).

In this case, Allstate contends that remand is mandated because this court lacks subject matter jurisdiction. Ford maintains that subject matter jurisdiction is satisfied by diversity of citizenship between the parties. District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $50,000 and there is total diversity of citizenship between the parties. 28 U.S.C. § 1332(a). For removal purposes, diversity must exist both at the time of removal and at the time the suit was commenced. *Kellam v. Keith,* 144 U.S. 568, 12 S.Ct. 922, 36 L.Ed. 544 (1892); *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meri-*

*den Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994). The parties do not contest the fact that total diversity existed both at the time of removal and at the commencement of the action.[1] The sole jurisdictional question is whether the amount in controversy exceeds $50,000.

### III.

■ Several recent Fifth Circuit decisions have furnished a clear analytical framework for resolving removal disputes concerning the amount in controversy. Plaintiffs in Louisiana state court commonly do not specify a damage claim because the state civil procedure code disallows damage claims for specific amounts. La.Code Civ.Proc. art. 893. When the complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $50,000. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993). The defendant can make this showing in either of two ways: (1) by demonstrating that it is "facially apparent that the claims are likely above $50,-000," or (2) "by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995) (emphasis in original). Regardless of the path followed, the defendant may not rely upon conclusory statements. *Id.* Any facts are judged at the time of removal. *Id.*

Once a defendant has made this initial showing, the plaintiff may still establish that removal is improper by showing that it is "legally certain" that his recovery will not exceed the amount prayed for in the state court complaint. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995).

■ In this case, we find that Ford has not satisfied its initial burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $50,000. First, we examine the face of the complaint.

---

1. We note that as there has been a bona fide assignment of the claim from Leger to Allstate, the citizenship of Allstate is determinative for purpose of diversity. *Provident Sav. Life Assur. Soc. v. Ford,* 114 U.S. 635, 5 S.Ct. 1104, 29 L.Ed. 261 (1885).

Allstate's state complaint does not allege a specific amount of damages, but requests a "general damages award; compensation for all direct pecuniary and nonpecuniary losses suffered; and an adjudication that the defendant is liable for payment of costs, expert witnesses to be used at trial, and all other expenses related to this matter; however, said damages do not meet or exceed the requisite amount for entitlement by any party to trial by jury." The only damage amount apparent from the face of the complaint is the amount paid to Leger for the loss of the Ranger: $14,511.

Second, we examine any *facts* put forth by Ford to support its jurisdictional argument. Ford contends that it has "shown in its Notice of Removal that the amount in controversy can exceed $50,000," but has not presented any facts to support its puffery. Notwithstanding Ford's unsubstantiated opinion, we cannot imagine how the damages, costs, and expenses demanded by Allstate in this case might exceed $50,000. The fact that Allstate has not alleged specific damages in its prayer for relief is simply not, by itself, sufficient grounds for federal jurisdiction.

As Ford has failed to satisfy its initial burden establishing the amount in controversy, we do not need to consider whether Allstate has shown to a legal certainty that its recovery will not exceed $50,000. We find that this court lacks subject matter jurisdiction. We accordingly remand this suit to the state court.

### IV.

When a district court remands a case pursuant to 28 U.S.C. § 1447, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Central to our determination of a fee award is the "propriety of the defendant's removal." *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir.1993). We are not required to find that the removing party acted in bad faith, *News–Texan, Inc. v. City of Garland,* 814 F.2d 216, 220 (5th Cir.1987), or in a "vexatious, wanton, or oppressive" manner before we award costs. *Penrod Drilling Corp. v.*

*Granite State Ins. Co.,* 764 F.Supp. 1146, 1147 (S.D.Tex.1990). The decision to award costs lies within our discretion.

In this case, we exercise our discretion in favor of awarding to Allstate all costs and expenses, including attorney's fees, incurred as a result of Ford's removal. This action never should have been removed from state court, as defense counsel should have realized upon considering the complaint. Allstate should not be forced to pay for Ford's error when nonremovability was so obvious. We encourage the parties to utilize their best efforts to resolve the fee matter without further court intervention. If an amicable resolution cannot be reached, however, Allstate should submit to this court no later than 10 January 1997 an itemized accounting of its costs and expenses incurred as a result of the removal. If necessary, Ford shall submit a response to that accounting no later than 17 January 1997.

### V.

In sum, as this court lacks subject matter jurisdiction over this suit under 28 U.S.C. § 1332, plaintiff's Motion to Remand is GRANTED and this action is remanded to the Ninth Judicial District Court, Rapides Parish, Louisiana. Ford is ORDERED to pay to Allstate all costs and actual expenses incurred by Allstate as a result of the removal. This court retains limited jurisdiction over this matter only as needed to carry out its fee order.