**Gary A. STOTT, Plaintiff,**

v.

**REVERE TRANSDUCERS, INC., Defendant.**

**No. 97–CV–836 (FJS).**

United States District Court, N.D. New York.

Jan. 27, 1998.

---

Scollan & Moody, Auburn, NY (David G. Tehan, of counsel), for plaintiff Gary A. Stott.

Thorn & Gershon, Albany, NY (Paul J. Catone, Rachel B. Adler, of counsel), for defendant Revere Transducers, Inc.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

Plaintiff brought this suit against Defendant for breach of an employment contract. Plaintiff commenced this action by filing a summons and complaint with the Cayuga County Clerk of the New York Supreme Court on May 6, 1997. In his complaint, Plaintiff alleged $64,902.50 in total damages. On June 10, 1997, Defendant Revere Transducers, Inc. filed an Answer and a Notice of Removal in this Court. Presently before the Court is Plaintiff's motion to remand this action back to New York State Supreme Court pursuant to 28 U.S.C. § 1447.

### Background

Plaintiff was employed by Defendant for approximately thirty years until he was terminated on March 1, 1996. Plaintiff claims that Defendant owes him $31,122 in severance wages and $20,000 in unpaid commissions. Plaintiff also claims that he is entitled to $7,780.50 in liquidated damages and $6,000 in attorney's fees pursuant to New York Labor Law § 198(1)(a).

The only issue before the Court is whether the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).[1] If this jurisdictional prerequisite is not met, remand is mandated because the Court would therefore lack subject matter jurisdiction.

### Discussion

Federal courts are courts of limited jurisdiction. The party seeking federal court jurisdiction bears the burden of establishing that the requirements of 28 U.S.C. § 1332 are satisfied. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). The Second Circuit has held that the "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 304–05 (2d Cir.1994) (quoting Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir.1994)). Thus, because the Defendant is the party asserting this Court's jurisdiction, it has the burden of establishing jurisdiction and must prove by a preponderance of the evidence that Plaintiff's complaint asserts claims in

---

**1.** Congress recently increased the amount from $50,000 to $75,000, which applies to cases filed on or after January 17, 1997. See Gilman v.

BHC Securities, Inc., 104 F.3d 1418, 1421 n. 4 (2d Cir.1997).

excess of $75,000. *See Gilman v. BHC Securities, Inc.,* 104 F.3d 1418, 1421 (2d Cir.1997) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). If Defendant is able to meet its burden, the burden shifts back to the Plaintiff to show that by a legal certainty the claim is actually for an amount less than $75,000. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092 (11th Cir. 1994) (holding burden was on defendant to prove to a legal certainty where complaint specifically alleged less than required); *Allstate Ins. Co. v. Ford Motor Co.,* 955 F.Supp. 667, 670 (W.D.La.1996).

To satisfy its burden, Defendant must support its claim of jurisdiction by way of "competent proof." *See United Food* at 305. Defendant attempts to show that this Court has jurisdiction by averring that "there is a reasonable probability that the amount in controversy will exceed $75,000." (Notice of Removal, p. 2). However, as stated, Plaintiff's complaint only alleges claims of $64,902.50. Attempting to circumvent this hurdle, Defendant argues that Plaintiff's damages are unrealistically low for two reasons: (1) because he under-calculated the proper amount of liquidated damages by $5,000; and (2) because he underestimated attorney's fees by another $5,000.

Even assuming, for purposes of this motion, that Plaintiff under-calculated his liquidated damages by $5,000 and underestimated his attorney's fees by another $5,000, the Defendant still fails to meet its burden of proving by a reasonable probability that Plaintiff's claims exceed $75,000. Thus, the Court finds that the Defendant has failed to establish by any standard that the amount in controversy exceeds $75,000. *See Allstate Insurance Co.,* 955 F.Supp. at 670.

### Conclusion

Having considered the parties' submissions, the record, and the applicable law, it is hereby

ORDERED that the motion to remand brought by Plaintiff Gary A. Stott is GRANTED, and civil action 97–CV–836 is REMANDED to New York State Supreme Court, Cayuga County.

**IT IS SO ORDERED.**