**Jerry BROWN, Plaintiff,**

v.

**ASCENT ASSURANCE, INC., et al., Defendants.**

**No. 4:01CV157–D–B.**

United States District Court, N.D. Mississippi, Greenville Division.

Feb. 20, 2002.

Edward Blackmon, Jr., Blackmon & Blackmon, Canton, MS, Charles Victor McTeer, McTeer & Associates, Greenville, MS, Edgar Reeves Jones, Reeves Jones, Attorney, Jackson, MS, for Jerry Brown, Evelyn Brown.

Johnnie E. Walls, Jr., Walls Law Firm, Greenville, MS, Neville H. Boschert, Watkins Ludlam Winter & Stennis, P.A., Jackson, MS, for Freedom Life Ins. Co. of America.

L. Carl Hagwood, Campbell, Delong, Hagwood & Wade, Greenville, MS, for Patrick John Mitchell.

Chris J. Walker, Markow Walker & Reeves, PA, Ridgeland, MS, for Ascent Management, Inc.

Meta V. Swain, Robert L. Gibbs, Brunini, Grantham, Grower & Hewes, Jackson, MS, for Ascent Assur., Inc.

### OPINION CALCULATING ATTORNEYS' FEES

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiff's application for an award of attorneys' fees. As discussed more fully herein, the Plaintiff shall be awarded fees, but not in the amount requested.

#### A. Factual and Procedural Background

Pursuant to the court's October 16, 2001 order, this case was remanded to state court based upon the statutory language that no diversity case may be removed more than one year after commencement of the lawsuit. 28 U.S.C. § 1446(b). The court granted Plaintiff's motion for attorneys' fees pursuant to 28 U.S.C. § 1447(c) which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

The court encouraged the parties to utilize their best efforts to resolve the fee matter without further court intervention, but after some negotiating, the parties were unable to reach agreement. On or about November 15, 2001, the Plaintiff filed his memorandum for attorneys' fees, including an itemization of time spent. Initially, Plaintiff's counsel stated that they spent 143.3 hours on remand related issues and requested $21,359.50. This first itemized statement reflects hours spent by the Plaintiff's counsel from June 26, 2001, when the Plaintiff received the Notice of Removal, through submission of the remand rebuttal, on or around September 6, 2001. On January 15, 2002, Plaintiff filed a Motion to Strike Response to Motion for Award of Fees as Untimely or in the Alternative Rebuttal in Support of Motion for Award of Fees and Supplemental Request for Award of Fees. In this supplemental request, the Plaintiff requested approximately another $16,000 for hours between October 22, 2001 and January 14, 2002. This time, as shown in the itemization, includes such tasks as negotiations and conversations between defense counsel, letters to defense counsel, as well as time spent working on their Jan. 15 Motion. Plaintiff's counsel states that this supplemental work took 82.14 hours.[1] In all, Plaintiff requests a total of $37,978.42, based upon 225 hours spent.[2] The Defendants oppose both the reasonableness of the total hours and the rate of compensation requested.

*B. Calculating Attorneys' Fees*

 Once a court determines that the removal was improper, § 1447(c) gives a court discretion to determine what amount of costs and fees, if any, to award the plaintiff. *Avitts v. Amoco Production Co.,*

111 F.3d 30, 32 (5th Cir.1997). The Fifth Circuit has interpreted the language "incurred as a result of removal" to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court. *Avitts,* 111 F.3d at 32. In calculating attorneys' fees, the court is to calculate the lodestar, which is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. *Worldcom, Inc. v. Automated Communications, Inc.,* 75 F.Supp.2d 526, 530 (S.D.Miss.1999) (diversity case where the contracts in question provided for the recovery of attorney's fees and the court used the *Johnson* factors for guidance) (citations omitted).

Uniform Local Rule 54.2(B) is titled "Motions for Attorneys' Fees" and states in pertinent part:

(3) In all motions for attorneys' fees, movant shall, by affidavit of counsel, address the following factors relating to the determination of a reasonable allowance:

(a) The time and labor required, including an itemized statement of all time expended by counsel and a brief description of the services performed during each period of time itemized.

(b) The novelty and difficulty of the questions.

(c) The skill requisite to perform the legal services properly.

(d) The preclusion of other employment by the attorney due to acceptance of the case.

(e) The customary fee.

---

1. The itemized statement for the supplemental request actually stated 116 hours, but this appears to be a clerical error as the total came to 82.14.

2. The Plaintiff also requested the total award be enhanced by a multiplier of two, which the court declines to do.

(f) Whether the fee is fixed or contingent.

(g) Time limitations imposed by the client or the circumstances.

(h) The amount involved and the results obtained.

(i) The experience, reputation, and ability of the attorney(s).

(j) The "undesirability" of the case.

(k) The nature and length of the professional relationship with the client.

(*l*) Awards in similar cases.

■ These factors, originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19, (5th Cir.1974), ordinarily guide federal courts in the Fifth Circuit in search of appropriate fee awards. *See Worldcom, Inc.*, 75 F.Supp.2d at 530. District courts in Texas have used the *Johnson* factors when determining what amount to award pursuant to 28 U.S.C. § 1447(c). *See Wermelinger v. Connecticut Gen. Life Ins. Co.*, No. 3:97–CV–1100D, 1998 WL 401607 (N.D.Tex. July 15, 1998); *Summit Mach. Tool Mfg. Corp. v. Great N. Ins. Co.*, 883 F.Supp. 1532 (S.D.Tex.1995); *Penrod Drilling Corp. v. Granite State Ins. Co.*, 764 F.Supp. 1146 (S.D.Tex.1990). While these factors may be helpful in reaching an attorneys' fee award, many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate and should not be double counted. *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205 (5th Cir. 1998) (citations omitted). The fee applicant bears the burden of documenting the appropriate hours expended and hourly rates. *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 535–36 (5th Cir.1986) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434–35, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40, 50 (1983)). Where the documentation is inadequate, the district court has discretion to reduce the award accordingly. *Abrams*, 805 F.2d at 536.

## 1. Number of Hours Reasonably Required

■ Plaintiff is represented by the firm of McTeer & Associates. Three attorneys within the McTeer firm worked on the remand and attorneys' fees issues. Bennie Richard, an associate with four years experience, did most of the work on the motion to remand and other related motions. Charles Victor McTeer, an accomplished attorney with approximately thirty years experience also spent a considerable amount of time on the motions. Finally, Ray Chambers, an associate with six years experience, spent a minor amount of time working on the motions. Defendants assert that the time entries by Plaintiff's counsel are general, duplicative and excessive. The Defendants submitted the affidavit of L. Carl Hagwood, whose firm represents one of the Defendants. Hagwood stated in his affidavit "I, along with other lawyers and paralegals in my firm, worked on all of the removal and remand issues in the above action, including research and brief writing. The total amount billed by my firm was $10,552.00."

With regard to the novelty and difficulty of the questions involved, the court notes that in Plaintiff's original petition to remand, counsel cited cases for the proposition that the trial court "will be more inclined to [grant § 1447(c) costs and fees] when the non-removability is so obvious." Plaintiff correctly stated "Fifth Circuit precedent makes clear that removal of cases not initially removable on diversity grounds are governed by the second paragraph of § 1446(b)." In their rebuttal, Plaintiff also accurately stated one of the main issues as "diversity of citizenship is assessed at the time an action is filed and, once acquired, is not divested by a subsequent change in the parties." Therefore, Plaintiff's subsequent assertions about the "novelty and complexity of the issues pre-

sented" in support of his fee request are not well taken.

Counsel's entries from July 10 to July 13, 2001, which include twenty five (25) hours, simply state in the "task" line: "continued drafting Petition to Remand." From August 24, to August 29, 2001, which include twenty one (21) hours, the entries merely state "continued drafting remand rebuttal" and "review draft of rebuttal and revisions." In January of 2002, the entries state "draft reply to Motion for Fee Award" (8 hours) and "Finalize pleading" (7.5 hours). On November 13, 2001, the time entries show that over 6 hours were spent preparing the resume and biographical notes of Charles Victor McTeer, along with Westlaw research regarding his published cases. The Defendants note that it "is difficult to believe ... that this was the first time Mr. McTeer was required to prepare a resume in support of a motion for attorneys' fees" and surely such a document was saved in his computer system and available for modification. In Plaintiff's January 15, 2002 motion, Plaintiff's counsel spent approximately four pages arguing why the court should not grant the Defendants' motion for an extension of time to file its response to the motion for attorneys fees. The court ultimately granted the Defendants' motion for an extension of time to respond.

The Fifth Circuit has emphasized that district courts should reduce attorneys' fees awards where attorneys do not exercise billing judgment, i.e., exclude "unproductive, excessive, or redundant hours." *Walker v. United States Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 770 (5th Cir.1996). Without examining the underlying facts of the three above cited Texas cases that gave rise to attorneys' fees for improper removal, and only for the purpose of providing some kind of general bench mark, the court in *Wermelinger* gave an award based on approximately 95

hours worth of work, the court in *Summit Mach. Tool Mfg. Corp.* awarded attorneys' fees based on 80 hours (Plaintiff requested 119 hours), and the court in *Penrod Drilling Corp.* awarded attorneys' fees based on approximately 70 hours worth of work on remand related issues. The Plaintiff in the present case has requested attorneys' fees based on approximately 225 hours worth of work. The court is of the opinion that the hours requested are excessive and often duplicative. The remand issues were well-briefed by Plaintiff's counsel, but the task should not have required so many hours.

Defendants also assert that not only are the initial 143.3 hours unreasonable, but they are apparently based on estimations rather than actual computations. Specifically, Defendants point to a letter dated November 8, 2001, from McTeer to Robert Gibbs, one of the Defense attorneys.

Dear Robert:

I appreciate your kind letter of November 2, 2001 in response to my letter of October 26, 2001. As you will recall, in our conversation of October 22 and my letter of October 26th, I offered to be tentatively bound by the hourly rates of lead senior and associate defense attorneys. Moreover, I put forth 120 hours as an amount to settle this dispute without having to engage in the preparation of an itemized statement.

Unfortunately, your letter of November 2nd requires the submission of an itemized statement and fails to set forth a statement of the reasonable hourly rates paid defense counsel. Therefore, we will be required to file a Motion for Award of Fees based upon our actual hours and not upon the 120 hour approximation that I previously suggested for settlement. Moreover, in the absence of a statement of defense counsel's reasonable hourly rate, we will base our hourly

rates on other reasonable criteria. Nonetheless, we will remain open to a reasonable effort to resolve this matter amicably even after filing of the foregoing Motion. To that end, *please advise us of the time and hours that you and your co-counsel expended in the handling of the removal petition and responding to the Petition for Remand. Such statement may assist the plaintiffs in assessing the time and hours expended by the plaintiffs in this regard.*

The Defendants assert that "based on this statement [italicized for emphasis], it is apparent that Plaintiff's counsel did not keep track of the actual hours they spent on the Petition for Remand and rebuttal on an on-going basis. Instead, they prepared an itemized statement based on their recollection of the work they performed." The Defendants further state that the itemization was likely prepared sometime between November 8–15. However, the itemization accounts for time as far back as June of 2001. The Defendants assert that it is extremely difficult, if not impossible, for an attorney to recall the work he performed months earlier.

■■■■ Defendants also note that Plaintiff's attorneys spent a total of 82.14 hours from October 22, 2001 to January 14, 2002, just on the issue of calculating the amount of attorneys' fees. District courts have discretion to award fees for the time spent litigating fee requests. *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 336 (5th Cir.1995). The Plaintiff filed his motion and memorandum for attorneys' fees on or about November 12, 2001, including an itemization of time spent. This first itemized statement reflects hours spent by the Plaintiff's counsel from June 26, 2001, through September 6, 2001. Plaintiff filed his Supplemental Request for Award of Fees on January 15, 2002, for time between October 22, 2001 and January 14, 2002. Defendants assert that it is difficult to understand why Plaintiff did not make a claim for at least some of this supplemental time in his initial motion if he felt he was entitled to these fees he now claims.

■■■■ Attorneys' fees awards should not provide a windfall to plaintiffs. *Kellstrom*, 50 F.3d at 328 (citations omitted). If the Plaintiff's " 'natural zeal' resulted in their expending more effort than reasonably necessary to establish and defend their fee claim, the district court may reduce the compensable number of hours accordingly." *Cruz v. Hauck*, 762 F.2d 1230, 1234 (5th Cir.1985). Also, if the attorneys' "initial claims are exorbitant . . ., the district court should refuse the further compensation." *Alberti v. Klevenhagen*, 896 F.2d 927, 933–34 (5th Cir.), vacated on other grounds, 903 F.2d 352 (5th Cir.1990).

The court is of the opinion that the number of hours reasonably required in the present case to prepare the motion to remand and rebuttal to the Defendants' responses is 85 hours. As to the hours spent litigating the fee award, counsels' zeal resulted in their expending more effort than reasonably necessary to establish and defend their fee claim. The court is of the opinion that 10 hours is appropriate for compiling readily available billable information and otherwise defending their claim.

### 2. Reasonable Hourly Rate

■■■■ The parties also dispute the appropriate hourly rate. Generally, to determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates. *Kellstrom*, 50 F.3d at 328 (citations omitted). The attorneys' fees calculus is a fact-intensive one and its character varies from case to case. *Hopwood v. State of Texas*, 236 F.3d 256, 281 (5th Cir.2000). Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not

the rates that "lions at the bar may command." *Hopwood,* 236 F.3d at 281. When the attorney's customary hourly rate is within the range of hourly fees in the prevailing market, that rate should be considered in setting a reasonable hourly rate. *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.,* 119 F.3d 1228, 1234 (5th Cir.1997).

 Plaintiff's attorneys request that Richard, an associate with 4 years experience, be compensated at the rate of $130 per hour; Chambers, an associate with six years experience, be compensated at the rate of $160 per hour; and McTeer, an experienced trial attorney, be compensated at a rate of $250 per hour. There is evidence in the record that the amount requested by the associates is reasonable. In any event, it appears that Defendants only dispute McTeer's rate of $250 per hour. Plaintiff initially submitted only two affidavits; one from McTeer and Crymes Pittman, another well respected plaintiff's attorney whose office is in Jackson, Mississippi. McTeer stated in his affidavit that $250.00 per hour for his services, those of a twenty-nine (29) year practitioner with substantial trial experience, is an appropriate and customary fee for services rendered in this matter. The affidavit of Pittman states that he is "familiar with the reputation of ... McTeer and the firm of McTeer and Associates and moreover familiar with the reasonable hourly rates charged by attorneys in the State of Mississippi for their services in federal and/or state litigative actions." Pittman also stated $250.00 per hour is a proper and/or reasonable fee for the services of Charles Victor McTeer.

In their latest rebuttal brief, Plaintiff submitted the affidavit of Jack Dunbar, which states "I am a member of the Holcomb Dunbar Law Firm, in Oxford, ... Mississippi.... Affiant represents both plaintiffs and defendants throughout the state of Mississippi including ... the United States District Court for the Northern District of Mississippi. I currently charge $250.00 per hour in litigation in the State of Mississippi." Mr. Dunbar further stated it "is my opinion that Two Hundred Fifty Dollars ($250) per hour is a proper and/or reasonable fee for the services of Charles Victor McTeer."

The Defendants argue that $250 per hour is not a reasonable rate in this case. The Defendants claim that the prevailing hourly rate should be determined with reference to what attorneys in Greenville customarily charge. The case was originally filed in the Circuit Court of Humphreys County, Mississippi, which is near Greenville. It was subsequently removed to the United States District court in Greenville. The Defense firm that did most or all of the research and work on the motion to remand is also located in Greenville. Plaintiff argues that most of the Defense firms (3 out of 4) working on the case are Jackson firms, and that McTeer & Associates maintains an office in Jackson in addition to their Greenville office. The court is of the opinion that in the present case, the relevant legal market is the Northern District of Mississippi.

Defendants dispute that $250 per hour is the "regular rate" charged by Mr. McTeer. The court is aware that McTeer's practice, including this case, is largely based on contingency fees. The Defendants submitted the affidavits of Charles S. Tindall III, who has practiced in the Greenville, Mississippi area for thirty three (33) years. Tindall stated "based on his experience as a trial attorney handling comparable matters and my knowledge of hourly rates charged in this area, ... I am of the opinion that the hourly rates requested by the Plaintiff are not the customary hourly rates for attorneys in the Greenville, Mississippi area. In my experience the rates

would range from $120.00 to $175.00 per hour."

*Reeves v. Sanderson Plumbing Products, Inc.*, No. 1:96CV197, 2001 WL 1524412, (N.D.Miss. May 14, 2001), also provides some guidance. In that case, the court had to calculate the plaintiff's attorneys' fees after successfully litigating the matter in the United States Supreme Court. The court had to determine what a reasonable rate was for Mr. Jim Waide, whose office is in Tupelo, Mississippi, and who leads "one of the busiest plaintiffs' firms in this district." *Reeves*, 2001 WL 1524412, at *3. Waide, like McTeer, has litigated in various State and Federal Courts of Mississippi, including the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court. Waide requested a rate of $200 per hour in that case and submitted affidavits from local attorneys who stated that amount was reasonable.

Based on all of the evidence, the court is of the opinion that a rate of $200 per hour is a reasonable rate for the services of Mr. McTeer in the instant case.

### C. Conclusion

For the above stated reasons, the court awards the Plaintiff attorneys' fees in the amount of $13,741.43, and directs that Defendants, jointly and severally, are liable for payment of this sum no later than 30 days after this opinion is filed.

A separate order in accordance with this opinion shall issue this day.

### ORDER CALCULATING ATTORNEYS' FEES

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiff's motions for attorney fees (docket entries 40, 41) are GRANTED for eighty five (85) hours of work ($12,028.72); and

(2) the Plaintiff's supplemental motion (docket entry 45) for attorneys' fees is GRANTED for ten (10) hours of work ($1,712.71).