**Mary Thames TEER**

v.

**The UPJOHN COMPANY, et al.**

**Civ. A. No. 90–191–B.**

United States District Court,
M.D. Louisiana.

July 24, 1990.

---

C. John Caskey, Baton Rouge, La., Lourdes A. Naranjo, for Mary Thames Teer.

John J. Weigel, Vivian L. Madison, M. Lisa Pratt, Jones, Walker, Waechter, Poitevent, Carrere and Denegre, New Orleans, La., for Upjohn Co.

William F. Bologna, Habans, Bologna & Carriere, New Orleans, La., for American Cyanamid Co.

Lynn A. Basastini, Joseph P. Gordon, Jr., Adams & Reese, New Orleans, La., for Bristol–Myers Co., E.R. Squibb & Sons, Inc. and Roerig Div.

Henri Wolbrette, III, Kathleen A. Manning McGlinchey, Stafford, New Orleans, La., for Pfizer, Inc.

### RULING ON PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

Plaintiff filed this suit in state court alleging that after she ingested prescription drugs manufactured by the defendants[1] which contained tetracycline the drugs caused abnormalities in her teeth, including pitting of the enamel. Plaintiff contends that defendants knew of this propensity yet failed to warn doctors, government agencies, or the public of these dangers. Additionally, plaintiff contends that Myrton J. Landry, a representative of Bristol–Myers, knew or should have known of tetracycline's hazards, but did not warn physicians in his geographic area of responsibility of the dangers.

1. Plaintiff is a Louisiana domiciliary. The Upjohn Company ("Upjohn") is incorporated in Michigan and has its principal place of business in Delaware. American Cyanamid Company ("American Cyanamid") is a Maine corporation with its principal place of business in New Jersey. Bristol–Myers Company ("Bristol–Myers") is a Delaware corporation with its principal place of business in New York. Myrton J. Landry, a representative in Louisiana for Bristol–Myers, is domiciled in Louisiana. E.R. Squibb & Sons, Inc. ("Squibb") is incorporated in Delaware and has its principal place of business in New Jersey. Pfizer, Inc. ("Pfizer") is incorporated in Delaware and has its principal place of business in New York.

**1244**

Defendants were not served with process in state court and learned of the action on their own much later. On March 1, 1990, defendants collectively removed the suit to this court claiming diversity of jurisdiction as the basis of jurisdiction. Plaintiff now moves to remand the case to the 19th Judicial District Court based on 28 U.S.C. 1447(c).

28 U.S.C. 1447(c) requires that a district court lacking subject matter jurisdiction over a removed case must remand the case to the state court from which it was removed. On the face of the record, this Court lacks subject matter jurisdiction over this case because there is no complete diversity as required by 28 U.S.C. 1332(a)(1). The inclusion of defendant Landry destroys diversity since he and plaintiff are both Louisiana domiciliaries. Additionally, the burden is on the removing party to prove that removal was proper and that the Court has subject matter jurisdiction.[2] The removing party also bears the burden of demonstrating fraudulent joinder.[3] The defendants have not filed any evidence or a memorandum in opposition to the motion to remand. Indeed, the most the defendants have done is to state in their pleadings that the defendant Landry was "improperly joined," without further explanation. The defendants have not carried their burden of proof in this case. Therefore, the Court must grant plaintiff's motion to remand.

The Court next turns to plaintiff's request for costs and attorney's fees. 28 U.S.C. 1447(c) allows a court remanding a case to order "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A finding of bad faith on the part of the removing party is not required before awarding costs. *News–Texan, Inc. v. City of Garland, Texas,* 814 F.2d 216 (5th Cir. 1987). When removal was obviously legally defective, an award of costs is within the court's discretion. *Tralmer v. Galaxy Airlines, Inc.,* 611 F.Supp. 633 (D.C.Nev.1985).

Defendants' motion for removal indicated on its face that the inclusion of the defendant Landry, who was a resident of the same domicile with plaintiff, destroyed the basis of jurisdiction under 28 U.S.C. 1332(a)(1). Defendants have not even alleged that Landry's joinder was a fraudulent joinder under *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98 (5th Cir.1990) and did not even oppose the motion to remand. Under the facts of this case, the Court concludes that removal was improper and an award of actual costs and attorney fees incurred by plaintiff as a result of the improper removal should be granted. The plaintiffs shall have ten days to file with the Court an itemized statement of costs and attorney's fees.

The Court will withhold signing a judgment ordering a remand pending a determination of the attorney's fees.

---

2. *York v. Horizon Federal Savings & Loan Ass'n,* 712 F.Supp. 85 (E.D.La.1989). C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3739 (2d. ed. 1985).

3. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98 (5th Cir.1990), citing *Laughlin v. Prudential Ins. Co.,* 882 F.2d 187, 190 (5th Cir.1989).