Carrie BADY, etc., Plaintiff,

v.

ESTATE OF Dr. Steven WOODROW,
et al., Defendants.

No. 3:95CV183–S–A.

United States District Court,
N.D. Mississippi,
Western Division.

Oct. 2, 1996.

William F. Schneller, Jones & Schneller, P.A., Holly Springs, MS, for Plaintiff.

H. Scot Spragins, Hickman, Sumners, Goza & Gore, Oxford, MS, Robert H. Harper, Shuttleworth, Smith, McNabb & Williams, Memphis, TN, for Defendants Estates of Steven Woodrow and Judith Woodrow.

John Booth Farese, Farese, Farese & Farese, P.A., Ashland, MS, for Defendant and Cross Plaintiff Estate of Kevin Tunstall.

## ORDER REMANDING CAUSE AND AWARDING COSTS

SENTER, Chief Judge.

In this wrongful death action, originally filed in the Circuit Court of Marshall County, Mississippi, and presently before the court on a motion to remand, plaintiff, a Mississippi citizen, sued the estates of the driver and passenger of the truck which collided with the vehicle in which plaintiff's decedent was a passenger. Those defendants, the Woodrow Estates, are citizens of Florida. On an alternative theory, plaintiff sued the estate of the driver of the vehicle in which the decedent was riding, the Tunstall Estate, which is a Mississippi citizen.

■ Despite the obvious lack of diversity, the Woodrow Estates nevertheless removed this action, noting the diversity which exists between them and plaintiff and invoking § 1441, which allows removal of a case in which a separate and independent claim "is joined with one or more otherwise non-removable claims...." 28 U.S.C. § 1441(c). What the Woodrow Estates overlook, however, is that, by its clear reference to jurisdiction predicated on § 1331, i.e., federal question, removal based on this subsection is available only in "a case in which subject

matter jurisdiction is based on the claim's arising under federal law." David D. Siegel, "Commentary on 1988 and 1990 Revisions of Section 1441," 28 U.S.C. § 1441; *see also* 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3724 (2d ed. Supp.1996) (section 1441 "eliminate[s] the availability of removal involving a 'separate and independent claim or cause of action' that falls within the [court's] diversity jurisdiction"). The court therefore lacks subject matter jurisdiction over this action, which was improvidently removed.

Plaintiff and the Tunstall Estate, who made the instant motion to remand, also request an award of attorneys' fees and costs under § 1447. That section states: "An order remanding the case *may* require payment of costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447 (emphasis added). This section, as interpreted by the Fifth Circuit, "permits an award of 'just costs' if the district court finds that 'the case was removed improvidently and without jurisdiction....'" *News–Texan, Inc. v. City of Garland,* 814 F.2d 216, 220 (5th Cir.1987) (citations omitted).[1] Under this standard, the court is not required to find that the removing party acted in bad faith, *id.,* or in a "vexatious, wanton, or oppressive" manner, *Penrod Drilling,* 764 F.Supp. at 1147, before it awards costs. *Id.* Nevertheless, at all times the decision whether to award § 1447 costs lies within this court's discretion. *Teer v. Upjohn Co.,* 741 F.Supp. 1242, 1244 (M.D.La.1990).

The court chooses in this instance to exercise its discretion in favor of awarding costs and expenses. It is clear from a cursory review of § 1441(c) that removal based on a separate and independent claim was not available in this case and had not been available since December 1, 1990, when the statute was amended. This action should therefore have never been removed in the first place. In reaching this conclusion, the court

is certain that the Woodrow Estates had no ill motive in removing this action, but plaintiff and the Tunstall Estate should not be forced to pay for the Woodrow Estates' mistake when nonremovability was so obvious. Therefore, plaintiff and the Tunstall Estate are entitled to their reasonable costs and expenses, including attorneys' fees, incurred in seeking remand. The court encourages the parties to utilize their best efforts to resolve this matter without further court intervention; if an amicable resolution cannot be reached, plaintiff and the Tunstall Estate should submit an itemized accounting in accordance with the Uniform Local Rules and the applicable case law.

Accordingly, it is ORDERED:

That the motion to remand is granted;

That this entire cause is hereby remanded to the Circuit Court of Marshall County, Mississippi;

That the request of plaintiff and defendant Estate of Kelvin Tunstall for costs and expenses is granted against the removing parties, Estate of Dr. Steven Woodrow and Estate of Judith Woodrow;

That if the parties cannot resolve this issue, then plaintiff and the Tunstall Estate shall submit an itemized accounting in accordance with the Uniform Local Rules and the applicable case law no later than Tuesday, October 15, 1996;

That the Woodrow Estates shall, if necessary and appropriate, submit a response to that accounting no later than Tuesday, October 22, 1996.

---

1. At the time *News–Texan, Inc.* was decided, § 1447 did not specifically address whether attorney's fees could be awarded as part of the allowable "just costs." The 1988 amendment certainly makes this point clear but does not

undercut the validity of any cases decided before the amendment. *See Penrod Drilling Corp. v. Granite State Ins. Co.,* 764 F.Supp. 1146 (S.D.Tex.1990).