**Mary DEGRUISE, By and Through her Next Friend, Linda UPCHURCH, Plaintiff,**

**v.**

**NPC INTERNATIONAL, INC., d/b/a Pizza Hut and Michael Tran, Defendants.**

**No. 1:96CV210–S–A.**

United States District Court, N.D. Mississippi, Eastern Division.

Jan. 17, 1997.

Charles T. Yoste, Starkville, MS, J. Niles McNeel, Louisville, MS, for Plaintiff.

Frederick J. Lewis, Rhonda M. Taylor, McKnight, Hudson, Lewis & Henderson, PLLC, Memphis, TN, for Defendant NPC International, Inc.

Richard E. Circeo, Holcomb Dunbar, Oxford, MS, for defendant Michael Tran.

*ORDER REMANDING CAUSE AND AWARDING PLAINTIFF COSTS AND ATTORNEY'S FEES*

SENTER, Chief Judge.

In this case, plaintiff charges the defendants, NPC International, Inc. (Pizza Hut) and Michael Tran, with false imprisonment, assault, and intentional infliction of emotional distress in connection with an episode occurring at a Pizza Hut in Starkville, Mississippi. Specifically, plaintiff, who worked for Pizza Hut at the time, claims that someone identifying himself as an Oktibbeha County deputy sheriff called the restaurant and accused plaintiff of stealing money from a customer. In response to the call, the manager, defendant Tran, was summoned to the restaurant, where he detained plaintiff and strip-searched her.

Plaintiff, a Mississippi citizen, brought her complaint in the Circuit Court of Oktibbeha County, Mississippi, asserting state law claims only against NPC International, a foreign corporation, and Tran, a citizen of Mississippi. Initially, the matter proceeded in that forum until two events occurred which planted in defendants' minds the idea that this cause was removable. First, plaintiff sought to take the deposition of NPC International's 30(b)(6) designee and informed the company that she intended to inquire into its corporate policy regarding sexual harassment and the handling of Title VII complaints. And second, plaintiff, in response to defendants' request for production, produced a charge of sex discrimination which she had submitted to the EEOC in connection with the events underlying this cause. In response to these events, defendants filed a notice of removal based on original jurisdiction "inasmuch as Plaintiff alleges that she was subjected to hostile environment sexual harassment in violation of Title VII"; her claims, according to defendants, are therefore "founded upon the alleged violation of rights arising under the laws of the United States providing for the protection of civil rights."

■ This cause is now before the court on plaintiff's motion to remand. She maintains that this court has no subject matter jurisdiction over this matter, as there is neither original jurisdiction, since all of her claims are premised on state, not federal law, nor diversity jurisdiction, since Tran is a non-diverse citizen. Plaintiff asserts that although she "may have a viable federal claim, she is solely alleging state law claims in the complaint," and that because she has the right to pursue that avenue alone, the case was improperly removed.

In an attempt to justify their removal of this action, defendants point to the fact that plaintiff requested and received a right to sue letter (although the EEOC did not close its investigation of this matter) and to her representation to the magistrate judge at the case management conference that she intended to amend her complaint to assert a Title VII violation. They argue that these actions somehow make this case "akin" to cases in which the court exercises its discretion to retain supplemental jurisdiction under 28 U.S.C. § 1367 after all federal claims have been dismissed.

This argument is specious and has absolutely no basis in law. The court has no discretion regarding retention of this action, as it has at no time possessed subject matter jurisdiction over plaintiff's complaint. Plaintiff has chosen to assert only state law claims and has not filed a second amended complaint which might bestow jurisdiction on this court. It was improper for defendants to remove this action based on nothing more than an EEOC charge and a 30(b)(6) notice when nothing in her pleadings suggests a basis for original jurisdiction. Furthermore, the timing of plaintiff's motion to remand is immaterial as the court's subject matter jurisdiction can be questioned at any stage of the proceedings. Plaintiff's motion to remand is therefore well taken.

■ Plaintiff also seeks an award of costs and expenses pursuant to 28 U.S.C. § 1447(c), which states: "An order remanding the case *may* require payment of costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). This section, as interpreted by the Fifth Circuit, "permits an award of 'just costs' if the district court finds that 'the case was removed improvidently and without jurisdiction....'" *News–Texan, Inc. v. City of Garland,* 814 F.2d 216, 220 (5th Cir.1987) (citations omitted).[1] Under this standard, the court is not required to find that the removing party acted in bad faith, *id.,* or in a "vexatious, wanton, or oppressive" manner, *Penrod Drilling,* 764 F.Supp. at 1147, before it awards costs. *Id.* Nevertheless, at all times the decision whether to award § 1447(c) costs lies within this court's discretion, *Teer*

---

1. At the time *News–Texan, Inc.,* was decided, § 1447 did not specifically address whether attorney's fees could be awarded as part of the allowable "just costs." The 1988 amendment certainly makes this point clear but does not undercut the validity of any cases decided before the amendment. *See Penrod Drilling Corp. v. Granite State Ins. Co.,* 764 F.Supp. 1146 (S.D.Tex.1990).

**170**

*v. Upjohn Co.,* 741 F.Supp. 1242, 1244 (M.D.La.1990), although the court "will be [more] inclined to do so when the nonremovability of the action is obvious...." Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, 14A *Federal Practice and Procedure* § 3739 (2d ed.1985).

The court chooses in this instance to exercise its discretion in favor of awarding costs and expenses. As discussed above, defendants had no basis upon which to predicate removal of this action. Although plaintiff may have considered pursuing a cause of action under Title VII (and advised defendants of that possibility), she never amended her complaint, and until that event occurs, if it occurs, this cause is not removable. Jurisdiction is determined by the face of the complaint, not by a 30(b)(6) notice or an EEOC charge of discrimination. The court is certain that neither defendant had any ill motive in removing this action, but plaintiff should not be forced to pay for their mistake when a sound and reasonable argument for removability cannot be made. Therefore, plaintiff is entitled to her reasonable costs and expenses, including attorney's fees, incurred in seeking remand. The court encourages plaintiff and defendants to utilize their best efforts to resolve this matter without court intervention; if an amicable resolution cannot be reached, plaintiff should submit an itemized accounting in accordance with the Uniform Local Rules and the applicable case law.

Accordingly, it is ORDERED:

That plaintiff's motion to remand is granted;

That this entire cause is hereby remanded to the Circuit Court of Oktibbeha County, Mississippi;

That plaintiff's request for costs and expenses is granted;

That, if the parties cannot resolve this issue, then plaintiff shall submit an itemized accounting in accordance with the Uniform Local Rules and the applicable case law no later than Thursday, January 30, 1997;

That defendants shall, if necessary and appropriate, submit a response to plaintiff's accounting no later than Monday, February 10, 1997.