**Cecil WATSON, Plaintiff,**

v.

**ITT SHERATON CORPORATION, Defendant.**

**No. 2:97CV183B–B.**

United States District Court, N.D. Mississippi, Delta Division.

Dec. 19, 1997.

---

Robert G. Johnston, Alexander, Johnston & Alexander, Cleveland, MS, for Plaintiff.

Mark Daniel Griffin, Martin, Tate, Morrow & Marston, Memphis, TN, for Defendant.

### MEMORANDUM OPINION

BIGGERS, Chief Judge.

This cause comes before the court on the plaintiff's motion to remand. On September 23, 1997 the defendant removed this cause on the ground of diversity jurisdiction.[1] The notice of removal alleges

---

1. Section 205 of the Federal Courts Improvement Act of 1996, P.L. 104–317 (1996), increased the threshold amount-in-controversy to $75,000. 28 U.S.C. § 1332(a), as amend-

that the complaint was filed on August 25, 1997 and that a copy of the filed complaint is attached. However, the copy is undated[2] and unsigned. The purported complaint was a proposed complaint seeking actual damages in the sum of $100,000 which the plaintiff's counsel sent to the defendant's house counsel. After service of the notice of removal, the plaintiff's counsel faxed a letter dated September 22, 1997 to the defendant's counsel explaining:

> The copy of the complaint affixed to your removal papers was a copy of a proposed, but unfiled, complaint that I sent to your house counsel at Las Vegas. I was unaware that the jurisdictional limitation in the federal court had been raised to $75,000.00. When I learned this, I lowered the ad *damnum* clause in the complaint to $74,000.00 in order to remain in state court.[3]

The complaint filed on August 25, 1997 alleges injuries arising out of negligence on the part of the defendant and its security agents and seeks actual damages in the sum of $74,000.00. There is no claim for punitive damages or unspecified damages. No amended complaint has been filed. In opposition to the instant motion, the defendant asserts:

> The copy of the Complaint actually served on ITT did not contain the last page of the Complaint, which included the ad damnum clause. ITT removed on the belief that the Plaintiff's ad damnum had not changed from the amount requested in the draft Complaint. Not until after ITT removed the action to this Court did counsel for ITT receive the last page of the Complaint on file with the Circuit Court of Tunica County.[4]

Based on the unfiled complaint, the notice of removal merely alleges that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. In opposition to the instant motion, the defendant asserts that the amount pled in the filed complaint is less than the actual amount in controversy in this cause. The defendant further asserts that the amount of $100,000 proposed during settlement negotiations establishes that the plaintiff pled an amount below the jurisdictional amount in order to avoid federal jurisdiction.

■ "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith'." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890, 894 (1961) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). The Supreme Court in *Horton* stated:

> In deciding this question of good faith we have said that it "must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."

*Id.* at 353, 81 S.Ct. 1570, 6 L.Ed.2d at 894 (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 289, 58 S.Ct. 586). The "legal certainty" test is applied to jurisdictional amount questions in removed cases, as well as cases originally brought in federal court. *De Aguilar v. Boeing Co.* [hereinafter *De Aguilar II*], 47 F.3d 1404, 1409 (5th Cir.), *cert. denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). The court lacks jurisdiction if it is apparent, to a legal certainty, that the plaintiff cannot recover the jurisdictional minimum or is not entitled to recover the jurisdictional minimum. *St Paul Mercury Indem. Co.*, 303 U.S. at 288, 58 S.Ct. 586. The United States Supreme Court has explained:

---

ed. The amendment applies to cases filed on or after January 17, 1997.

**2.** The copy is dated July, 1997 without a designation for the day.

**3.** Exhibit B to the motion to remand.

**4.** Defendant's Memorandum at 2 n. 1.

If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.

*St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845 (1938). "[A]s [a] general rule, a plaintiff may avoid federal diversity jurisdiction by pleading state court damages below the amount necessary to invoke diversity jurisdiction." *Cross v. Bell Helmets, USA,* 927 F.Supp. 209, 212 & n. 5 (E.D.Tex.1996) (citing *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890, 894 (1961)). *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995) ("if a plaintiff pleads damages less than the jurisdiction[al] amount, he generally can bar a defendant from removal"). However, the plaintiff must show that he is "bound irrevocably" by his state pleading. *De Aguilar II,* 47 F.3d at 1412 n. 10.[5]

■ Mississippi law limits the plaintiffs' recovery to the amount plead but does not prohibit amendment of the *ad damnum* clause. The court finds that the instant motion has the effect of a stipulation precluding the plaintiffs from increasing the *ad damnum* clause in state court. Accordingly, the plaintiffs are "legally bound to accept less" than the federal jurisdictional amount. *Allen,* 63 F.3d at 1335 n. 14 ("where the plaintiff's claims can be proved to be of the type that are worth more than [the jurisdictional minimum],

they can be removed unless the plaintiff can show he is legally bound to accept less"). Therefore, the court finds that the actual amount in controversy does not invoke diversity jurisdiction.

■■ The plaintiffs move for an award of attorney's fees, costs and expenses under Rule 11(c) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c). 28 U.S.C. § 1447(c) provides in part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision whether to award costs and expenses is discretionary. *Teer v. Upjohn Co.,* 741 F.Supp. 1242, 1244 (M.D.La.1990) ("when removal is obviously legally defective, an award of costs is within the court's discretion"). In its discretion, the court declines to award costs and expenses to the plaintiff.[6] *See* Charles A. Wright, Arthur A. Miller, & Edward H. Cooper, 14A *Federal Practice and Procedure* § 3739 (2d ed.1985) (courts "will be [more] inclined to [award costs and expenses] when the non-removability of the action is obvious"). The court finds that the defendant's presumption that the proposed *ad damnum* clause was identical to the *ad damnum* clause in the filed complaint, although erroneous, is understandable since the pleadings are otherwise identical[7] and the defendant was not served a complete copy of the filed complaint. Even if the defendant had reviewed the filed complaint before removal, the defendant arguably could have concluded that the specified amount

---

**5.** The court in *De Aguilar II* stated:
Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burden more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the federal threshold.
47 F.3d at 1412 n. 10.

**6.** Since the standard for a § 1447(c) award is less stringent than the standard for Rule 11 sanctions, the court will not address the

plaintiff's request for Rule 11 sanctions. In awarding costs and expenses under § 1447(c), the court is not required to find that the removing party acted in bad faith or in a "vexatious, wanton, or oppressive" manner. *Penrod Drilling Corp. v. Granite State Ins. Co.,* 764 F.Supp. 1146, 1147 (S.D.Tex. 1990).

**7.** The pleadings are otherwise identical with one exception. Paragraph 22 of the filed complaint contains the additional allegation: "Also his memory has been affected."

of damages pled therein was not conclusive as to the actual amount in controversy for jurisdictional purposes,[8] in light of the *ad damnum* clause in the proposed complaint submitted to the defendant's counsel and the additional allegation of damage to the plaintiff's memory in the filed complaint.[9]

### ORDER

In accordance with the memorandum opinion this day issued, it is **ORDERED:**

That the plaintiff's motion to remand is **GRANTED;** and

That this cause is **REMANDED** to the Circuit Court of Tunica County, Mississippi.

---

8. *De Aguilar II,* 47 F.3d at 1410 ("The inquiry ... does not end merely because the plaintiff alleges damages below the threshold.").

9. See n. 7, *supra.*