Robert MAHESHWARI, Plaintiff,

v.

The UNIVERSITY OF TEXAS–PAN AMERICAN, Defendant.

No. CIV.A.M 06 222.

United States District Court,
S.D. Texas,
McAllen Division.

Oct. 10, 2006.

Rodney Wayne Sipes, Attorney at Law, Ricky Don Sipes, Sipes & Associates, PLLC, Edinburg, TX, for Plaintiff.

Richard E. Salisbury, Assistant Attorney General, Austin, TX, for Defendant.

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

CRANE, District Judge.

## I. Introduction

Now before this Court is Plaintiff Robert Maheshwari's Motion to Remand. (Doc. 4). Plaintiff originally filed suit on November 2, 2005 in the 92nd Judicial District Court, Hidalgo County, Texas and amended his pleading in state court on December 20, 2005. (Doc. 1, Exs.1, 4). Plaintiff alleges that Defendant, The University of Texas Pan–American, engaged in unlawful employment practices involving Plaintiff because of Plaintiff's disability and national origin. *Id.* Defendant removed the present action to this Court on July 27, 2006 on the grounds that this Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331. (Doc. 1).[1] Defendant contends that the June 27, 2006 service of Plaintiff's Answers to Defendant's First Interrogatories first put Defendant on notice that Plaintiff's case involved a federal question, and thus Defendant's removal was timely. (Doc. 1; Doc. 1, Ex. 11; Doc. 8). Plaintiff now moves to remand, arguing that Plaintiff's amended petition clearly states a federal question; therefore, Defendant untimely removed the present action. (Doc. 4).

## II. Background

In a section entitled "Nature of Action," Plaintiff's Original Petition states that "[t]his is an action under Chapter 21 of the Texas Labor Code, Section 21.001 et. seq. Texas Labor Code, as amended, to correct unlawful employment practices on the basis of national origin and disability." (Doc. 1, Ex. 1). On December 1, 2005, Defen-

---

1. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not now dispute that his action arises under the laws of the United States. (Doc. 4).

dant filed its Original Answer and Plea to the Jurisdiction specifically denying Plaintiff's allegation in his Original Petition that he had exhausted his administrative remedies prior to filing suit in state court. (Doc. 1, Ex. 3; Doc. 8). In Plaintiff's Fist Amended Original Petition filed on December 20, 2005, Plaintiff states under the section entitled "Conditions Precedent" as follows:

> More than 180 days prior to the institution of the lawsuit, Plaintiff filed a charge with the Texas Workforce Commission, Civil Rights Division, alleging violations of Chapter 21 Employment Discrimination of the Texas Labor Code. Plaintiff also filed claims with the Equal Employment Opportunity Commission (EEOC) alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.2000e, et seq. and Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq. . . . All conditions precedent to the institution of this lawsuit have been fulfilled. . . . Plaintiff seeks damages under each of the foregoing acts and codes.

(Doc. 1, Ex. 4).

Just as in his original pleading, Plaintiff states under the "Nature of Action" section in his amended pleading that "[t]his is an action under Chapter 21 of the Texas Labor Code, Section 21.001 et. seq. Texas Labor Code, as amended, to correct unlawful employment practices on the basis of national origin and disability." *Id.* Other than in the "Conditions Precedent" section, Plaintiff does not reference Title VII or the Americans with Disabilities Act ("ADA") in his amended petition. *See id.*

On June 27, 2006, Defendant was served with Plaintiff's Answers to Defendant's First Set of Interrogatories. (Doc. 1, Ex. 11). In response to Defendant's request that Plaintiff "[i]dentify each federal or state law or regulation that You are relying on to support Your claims in the Litigation," Plaintiff listed Title VII and Titles I and V of the ADA. *Id.* Based on such response, Defendant removed the present action to this Court on July 27, 2006. (Doc. 1).

## III. Analysis and Conclusion

A notice of removal must be filed within thirty days after the receipt by the defendant of a copy of the initial pleading "setting forth" the removable claim, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b). If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Id.*

In moving to remand, Plaintiff contends that his amended petition filed on December 20, 2005 clearly states his intent to seek damages for violations of Title VII and the ADA. (Doc. 4). Therefore, Defendant's July 27, 2006 removal was untimely. *Id.* Defendant contends, on the other hand, that Plaintiff's reference to Title VII and the ADA in his amended pleading was for the purpose of demonstrating that his administrative remedies had been exhausted. (Doc. 8). Moreover, Defendant argues that Plaintiff's statement that "Plaintiff seeks damages under each of the foregoing acts and codes" was cryptic at best. *Id.* Defendant claims that it first ascertained that Plaintiff was making claims under federal law when it was served with Plaintiff's Answers to Defendant's First Set of Interrogatories on June 27, 2006. *Id.* As such, Defendant submits that its Notice of

Removal was filed within the requisite thirty days. *Id.*

■ The Fifth Circuit has noted that "[t]he well-pleaded complaint rule dictates that 'a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law.'" *Powers v. S. Cent. United Food & Commercial Workers Unions,* 719 F.2d 760, 764 (5th Cir.1983)(quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)(emphasis omitted)). In other words, "'federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint.'" *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.,* 271 F.3d 186, 188 (5th Cir.2001)(per curiam)(quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). More specifically, the Fifth Circuit has stated that a pleading must "affirmatively reveal[ ] on its face" a federal question in order to trigger the thirty day removal period. *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir.1992); *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 525 (5th Cir.1994).

■ The well-pleaded complaint rule makes the plaintiff "the master of the claim," allowing him to avoid federal jurisdiction by exclusively relying on state law, even where both federal and state remedies are available to him. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425; *Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 693 (5th Cir. 1995). Pursuant to this rule, "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute [,]...must be determined from what necessarily appears in the plaintiff's statement of his own claim..., unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004)(quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)); *see also Powers,* 719 F.2d at 764.

■ Plaintiff in effect admits that his original pleading does not state any claim arising under the laws of the United States and thus did not invoke this Court's federal question jurisdiction. (Doc. 4). At issue here is whether, based on Plaintiff's references to federal law in the "Conditions Precedent" section of his amended pleading, such pleading affirmatively revealed on its face that he was stating a federal claim. Plaintiff stated in the "Conditions Precedent" section of his amended petition that he had filed claims with the Texas Workforce Commission and the EEOC alleging violations of state and federal law, respectively, and therefore he had fulfilled all conditions precedent to the institution of his lawsuit. (Doc. 1, Ex. 4). However, such statements were apparently in response to Defendant's reference to a potential defense to suit—that is, that Plaintiff had failed to exhaust his administrative remedies. (Doc. 1, Ex. 3; Doc. 8). Therefore, Plaintiff's references to Title VII and the ADA in the "Conditions Precedent" section appear to relate to Plaintiff's "anticipation of the avoidance of defenses" and are not allegations that affirmatively state a claim under federal law. Moreover, that Plaintiff's reference to his EEOC claim does not in itself affirmatively invoke federal question jurisdiction is supported by various district court decisions in this and other Circuits. *See Addison v. Grillot Land & Marine, L.L.C.,* 2002 WL 1298761 at *2 (E.D.La.2002)(statement in petition that "petitioner files this petition pursuant to this 'Right to Sue' authorization by the EEOC" not sufficient to present federal

question where plaintiff otherwise stated that cause of action was based on Louisiana law)(emphasis omitted); *Stephens v. Cowles Media Co.*, 995 F.Supp. 974, 978 (D.Minn.1998)(plaintiff's allegations attesting to exhaustion of federal administrative remedies under Title VII did not covert state law claims into their federal analogs); *Elliot v. LTD Direct Marketing, Inc.*, 1 F.Supp.2d 1031, 1033 (D.Ariz.1997)("Direct or indirect references to Title VII in state causes of action do not transform those claims into federal causes of action."); *see also Christiason v. Merit Tex. Props.*, 393 F.Supp.2d 435, 437–38 (N.D.Tex.2005)(reference to Title VII violations in EEOC charge attached to pleading not sufficient to establish federal question jurisdiction where plaintiff pled only state law claims); *Lyles v. Citicorp Credit Servs., Ltd.*, 1997 WL 810027 at *2 (N.D.Tex.1997)(filing of charge with EEOC merely showed that plaintiff's factual allegations *could* give rise to claims under Title VII and the ADA and thus was not sufficient to invoke federal question jurisdiction); *Degruise By and Through Upchurch v. NPC Intern., Inc.*, 950 F.Supp. 168, 169 (N.D.Miss.1997)("It was improper for defendants to remove this action based on nothing more than an EEOC charge…when nothing in her pleadings suggests a basis for original jurisdiction."). The Court recognizes that Plaintiff also stated in the "Conditions Precedent" section of the amended petition that he was seeking damages "under each of the foregoing acts and codes." (Doc. 1, Ex. 4). However, in the absence of any reference to a federal cause of action in his "Nature of Action" section or any other section in the amended pleading, this general statement did not affirmatively reveal that Plaintiff had stated a federal claim. *See id.; see also Addison*, 2002 WL 1298761 at *2.

As Plaintiff does not now contest that he is pursuing federal claims, and as the rec-

ord reveals that it could first be ascertained that the case was removable from Plaintiff's Answers to Defendant's First Set of Interrogatories, Defendant therefore properly removed the present action within thirty days of its June 27, 2006 receipt of such "other paper." *See* 28 U.S.C. § 1446(b); (Docs. 1, 4, 8; Doc. 1, Ex. 11). Therefore, the Court hereby **OR-DERS** that Plaintiff's Motion to Remand is **DENIED.** (Doc. 4).