**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 30, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))

No. 05-50938
Summary Calendar

)))))))))))))))))))))))))))

DANIEL ABRAHAM LORENZ,

　　　　　Plaintiff–Appellant,

　　v.

TEXAS WORKFORCE COMMISSION; WAL-MART ASSOCIATES, INC.,

　　　　　Defendants–Appellees.

---

Appeal from the United States District Court
for the Western District of Texas, San Antonio
No. 5:04-CV-0806

---

Before DEMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

　　Daniel Lorenz appeals the district court's order dismissing his wrongful discharge claim against Wal-Mart Associates, Inc. and remanding his unemployment benefits claim against the Texas Workforce Commission to Texas state court. Because the district court lacked subject matter jurisdiction over this case, we VACATE the order of the district court and REMAND this case with

---

　　[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

instructions that it be remanded to the state court from which it was removed.

## I. FACTUAL BACKGROUND

Plaintiff-Appellant Daniel Lorenz ("Lorenz"), proceeding pro se, was employed by Defendant-Appellee Wal-Mart Associates, Inc. ("Wal-Mart").[1]  According to Lorenz, he reported several public health infractions committed by Wal-Mart employees to Wal-Mart management.  Lorenz also wore a crucifix, a shirt with a clerical collar, and a kaffiyeh while at work.  He claims he was counseled by Wal-Mart to stop wearing his religious attire because customers had complained.  Wal-Mart terminated Lorenz's employment on March 1, 2004.

Lorenz then requested unemployment benefits from the Texas Workforce Commission ("TWC"), also a Defendant-Appellee in this case.  The TWC denied his claim, and has upheld that decision through several levels of administrative appeal.

## II. PROCEDURAL HISTORY

Lorenz brought suit against Wal-Mart and the TWC in Texas state court on August 2, 2004.  He labeled his claim against Wal-Mart as "Wrongful Discharge" and his claim against the TWC as "Negligent Misrepresentation."  The substance of his petition indicates that he believed Wal-Mart singled him out for religious

---

[1]  Wal-Mart states that its correct name is Wal-Mart Stores, Inc. and that Lorenz has incorrectly identified it as Wal-Mart Associates, Inc.

discrimination based on his attire and changed his wages in retaliation for his reports of public health violations. He also alleges that Wal-Mart ultimately terminated him because of his religious attire. His claim against the TWC is essentially a request for judicial review of the TWC's decision to deny him unemployment benefits. It is unclear if he is also bringing a separate tort of negligent misrepresentation.

The TWC answered in state court and moved to sever Lorenz's claim for unemployment benefits from his wrongful discharge claim. Wal-Mart then removed the case, with the TWC's consent, to the Western District of Texas on the basis of federal question jurisdiction and diversity jurisdiction. Once in federal court, Wal-Mart filed a motion to dismiss on the ground that Lorenz had not exhausted his administrative remedies with respect to his religious discrimination claim. Wal-Mart also filed a motion to sever the wrongful discharge claim from Lorenz's appeal of the TWC's decision. The TWC filed a motion to remand Lorenz's appeal regarding unemployment benefits to state court on the ground that sovereign immunity prevented Lorenz from proceeding against the TWC in federal court.

The case was referred to a magistrate judge for all pretrial matters. On May 5, 2005, the magistrate judge issued her Memorandum and Recommendation, in which she recommended that Wal-Mart's motion to dismiss be granted, Wal-Mart's motion to sever be denied as moot, and the TWC's motion to remand be granted.

3

Lorenz filed objections; however, on May 24, 2005, the district court adopted the magistrate judge's recommendations, dismissed the wrongful discharge claim against Wal-Mart, and remanded Lorenz's claim against the TWC to Texas state court. Lorenz now appeals this order.

### III. DISCUSSION

Before reaching the merits of Lorenz's appeal, the court must first determine if this court and the district court have subject matter jurisdiction over this case. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (stating that on appeal, "the first and fundamental question is that of jurisdiction"). Parties cannot waive the want of subject matter jurisdiction. Hospitality House, Inc. v. Gilbert, 298 F.3d 424, 429 (5th Cir. 2002); see also Stockman v. Fed. Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998) (noting that without jurisdiction, federal courts lack the power to adjudicate claims). Thus, even if not suggested by the parties, the court has the duty to ensure that it has jurisdiction. See Steel Co., 523 U.S. at 94; see also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (stating that "subject-matter delineations must be policed by the courts on their own initiative").

This case is currently in federal court because Wal-Mart removed it with the TWC's consent. Removal is proper in any civil action "of which the district courts of the United States

4

have original jurisdiction . . . ."  28 U.S.C. § 1441(a) (2000). The party removing the case bears the burden of establishing federal subject matter jurisdiction.  Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).  Doubts about whether removal jurisdiction is proper should be resolved against federal jurisdiction.  Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000).  Thus, if at any time before final judgment "it appears that the [federal] district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

In its notice of removal, Wal-Mart sets forth two grounds for federal jurisdiction.  The first is federal question jurisdiction, in which Wal-Mart asserts that Lorenz's wrongful discharge claim is actually a claim of religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.  The second is diversity jurisdiction, which Wal-Mart couples with the assertion that Lorenz improperly joined the TWC to prevent removal.  We will examine each in turn to determine whether they provide a basis for the exercise of federal subject matter jurisdiction.

A.   Federal Question Jurisdiction

Wal-Mart first asserts that Lorenz's wrongful discharge claim arises under the laws of the United States, which would create federal question jurisdiction under 28 U.S.C. § 1331 (giving district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the

5

United States"). To reach this conclusion, Wal-Mart characterizes Lorenz's wrongful discharge claim as a claim for religious discrimination under Title VII. On appeal, however, Lorenz repeatedly asserts that he is not bringing a Title VII claim.

The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which states that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003). Thus, the plaintiff is made the master of his claim, and he may avoid federal jurisdiction by exclusive reliance on state law. Caterpillar, 482 U.S. at 392; see also Medina v. Ramsey Steel Co., 238 F.3d 674, 680 (5th Cir. 2001). Here, it is unclear on what law Lorenz does rely for his wrongful discharge claim, as he does not reference any law in his petition. His petition does claim that he was subjected to the infliction of an unreasonable hardship, retaliated against because of his report of public health violations, and terminated because of his religious attire. Thus, although Lorenz does not clearly state a specific cause of action, it is clear that his petition makes no mention of Title VII as the source of his claim.

In deciding Wal-Mart's motion to dismiss, the magistrate judge recognized that Lorenz denied bringing a religious

6

discrimination claim, but the magistrate judge found that, regardless of what Lorenz argued, his petition actually stated a claim for religious discrimination.  However, assuming Lorenz's claim is one for religious discrimination, it is possible to bring such a claim under Texas state law.  Indeed, in its notice of removal, Wal-Mart concedes that Lorenz does not state whether he is bringing his claim under Title VII or the Texas anti-discrimination statute, TEX. LABOR CODE ANN. § 21.051 (Vernon 2006), as both prohibit religious discrimination by employers.

Thus, we are left with a petition that is ambiguous as to what cause of action Lorenz is bringing and on what law he bases his claim.  It is possible to construe his pleadings as stating a federal claim, but it is equally possible that he is bringing a claim solely under state law.  We have held that ambiguities are construed against removal because the removal statute is strictly construed in favor of remand.  Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  Therefore, we must construe the ambiguities in Lorenz's petition against removal.  When we do so, we are left with no allegations on which to base federal question jurisdiction and must turn to whether federal subject matter jurisdiction can be sustained on some other ground.

B.    Diversity Jurisdiction

The other ground for subject matter jurisdiction asserted by

7

Wal-Mart in its removal papers is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Wal-Mart, a citizen of Delaware and Arkansas, claims that it is diverse from Lorenz, a Texas citizen, and that Lorenz improperly joined the TWC, also a Texas citizen, in order to defeat diversity jurisdiction. In making this argument, Wal-Mart reads Lorenz's petition as solely making a tort claim of negligent misrepresentation against the TWC and not as appealing a claim for unemployment benefits. Thus, Wal-Mart argues that because a negligent misrepresentation claim cannot lie against the TWC, the TWC is improperly joined and should not be considered for purposes of diversity jurisdiction. The court, therefore, turns to the improper joinder analysis.

We have stated that there are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts; and (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005); McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005). Actual fraud is not at issue in this case; therefore, the court must determine whether Lorenz can establish a cause of action against the TWC.

The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal. McDonal, 408 F.3d at 183. To meet it, a defendant must show that there is no reasonable basis to predict that the plaintiff might be able to

recover against the in-state defendant.  <u>Smallwood v. Ill. Cent.</u> <u>R.R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  In considering whether the plaintiff may recover, we need not determine whether the plaintiff will actually, or even probably, prevail on the merits, but look only for a possibility that he may do so.  <u>Guillory</u>, 434 F.3d at 308-09.  We also evaluate the factual allegations in the light most favorable to the plaintiff and resolve all ambiguities in controlling state law in the plaintiff's favor.  <u>Id.</u> at 308; <u>see</u> <u>Gray ex rel. Rudd v. Beverly</u> <u>Enters.-Miss., Inc.</u>, 390 F.3d 400, 405 (5th Cir. 2004).

As noted above, Wal-Mart focuses its improper joinder argument on the negligent misrepresentation label that Lorenz gives his claim against the TWC.  Review of Lorenz's petition reveals, however, that Lorenz is appealing the TWC's decision to deny him unemployment benefits.  <u>See</u> <u>Johnson v. Atkins</u>, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) (stating that courts are to liberally construe pro se complaints).  Lorenz describes the appeal process he has followed and specifically asks the court to "judicially review" the TWC's decision.  Although not making any ruling as to the propriety of Lorenz's appeal, the court does note that judicial review of TWC decisions is permissible pursuant to TEXAS LABOR CODE § 212.201.  Further, the TWC has treated Lorenz's lawsuit as an appeal of its unemployment benefits decision.

Wal-Mart bore the burden of demonstrating improper joinder

9

by showing there was no reasonable basis to predict that Lorenz might recover against the TWC.  See McDonal, 408 F.3d at 183. Because it is possible for Lorenz to prevail against the TWC, Wal-Mart has failed to meet its burden.  Therefore, the TWC has not been improperly joined, and diversity jurisdiction does not provide this court or the district court with federal subject matter jurisdiction.  Because there is no federal question jurisdiction nor is there diversity jurisdiction, there can be no federal subject matter jurisdiction and this case must be remanded to state court.

## IV. CONCLUSION

Because the district court lacked subject matter jurisdiction over Lorenz's claims, we VACATE the orders of the district court and REMAND this case to the district court with instructions that it be remanded to the state court from which it was removed.

VACATED and REMANDED.