# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20290
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2017

Lyle W. Cayce
Clerk

KENNETH GRIFFITH,

   Plaintiff – Appellant

v.

ALCON RESEARCH, LIMITED,

   Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Texas,
USDC No. 4:16-CV-2832

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

  Plaintiff-Appellant Kenneth Griffith ("Griffith") appeals the district court's order dismissing his workplace discrimination and retaliation action, which Griffith filed in state court and which the defendant removed to federal court. Because Griffith's state court complaint did not assert a federal cause of action, the district court erred in denying the motion to remand and had no jurisdiction to adjudicate the case. Therefore, we VACATE the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20290

order and REMAND this case to the district court with instructions to remand it to the state court from which it was removed.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Griffith filed this lawsuit in Texas state court against his former employer, Alcon Research, Ltd. ("Alcon"), asserting claims of national origin and racial discrimination and retaliation. Griffith's complaint stated that jurisdiction was "proper pursuant to Tex. Lab. Code §21.051 and §21.055" and that his suit was timely filed in accordance with the "Notice of Complainant's Right to file Civil Action" issued by the Texas Workforce Commission ("TWC"). Though Griffith's complaint did not cite any provisions of federal law, it referred to a charge he filed with the Equal Employment Opportunity Commission ("EEOC") and the EEOC's issuance of a notice of right-to-sue. Though Griffith did not attach the EEOC notice to his complaint, he did attach the TWC notice.

Alcon filed a timely notice of removal, contending that the district court had jurisdiction under 28 U.S.C. § 1331 because Griffith's "race and national origin discrimination claims implicitly invoke[d] Title VII of the Civil Rights Act of 1964." After removal, Griffith filed a timely motion to remand arguing that his complaint asserted claims based exclusively on state law. The district court summarily denied Griffith's motion, stating that because Griffith's complaint "refer[red] to (a) the charge that he filed with the Equal Employment Opportunity Commission, and (b) the right-to-sue letter he received . . . , [it] ha[d] original jurisdiction."

Thereafter, Alcon filed a motion for summary judgment. Griffith did not respond, and the district court granted the motion dismissing the case. This appeal ensued.

2

No. 17-20290

## II.   DISCUSSION

On appeal, Griffith asserts that the district court improperly denied his motion to remand and that its final judgment should be vacated for want of subject matter jurisdiction. We review questions of federal jurisdiction *de novo*.[1]

### A. Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'"[2] Thus, a federal court presumes that a cause of action "'lies outside [its] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'"[3]

Alcon asserts that the district court properly exercised original jurisdiction over this case pursuant to 28 U.S.C. § 1331. Section 1331 grants federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case "aris[es] under" federal law for purposes of section 1331 when a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[4] However, even if federal remedies are available as a matter of fact, a plaintiff may, as master of his complaint, "avoid federal jurisdiction by exclusive reliance on state law."[5]

---

[1] *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011).

[2] *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[3] *Id.*

[4] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

[5] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x. 242, 244 (5th Cir. 2006).

No. 17-20290

Here, Griffith relied exclusively on state law. He repeatedly cited Texas discrimination and retaliation law and did not mention federal law.[6] Griffith also specified that his action was timely filed pursuant to the TWC notice, which permitted him to file "a private civil action in *state* court."

Alcon contends that, despite these direct citations to state law, Griffith implicitly raised a federal cause of action by "referenc[ing] and assert[ing] facts supporting both state and federal claims . . . ." However, Griffith's reference to facts that *could* support a federal claim does not, standing alone, create federal question jurisdiction.[7] Griffith's well-pleaded complaint must have, "on [its] face," stated a federal cause of action.[8] Although Griffith indeed referenced his dealings with the EEOC in his complaint, he did not mention Title VII or any similar federal statute. As such, the district court lacked subject-matter jurisdiction and was not entitled to render judgment in Alcon's favor.

## B. Attorney's Fees and Costs

Griffith also argues that he is entitled to an award of reasonable attorney's fees and costs in light of Alcon's "wrongful removal." The award of costs and fees under 28 U.S.C. § 1447(c) is discretionary and should be granted

---

[6] Griffith relies upon Texas Labor Code § 21.051 and § 21.055, which, respectively, pertain to workplace discrimination and retaliation.

[7] *See Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (noting that "when both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction"); *cf. Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action . . . ."). The district courts in this circuit also agree with this result. *See Lyles v. Citicorp CreditSvcs., Ltd.*, No. Civ.A. 3:97-CV-0599-G, 1997 WL 810027, at *2 (N.D. Tex. Dec. 30, 1997); *Maheshwari v. University of Texas–Pan American*, 460 F. Supp. 2d 808, 811–12 (S.D. Tex. 2006); *Pidgeon v. East Baton Rouge Sheriff's Office*, No. 17-342-JJB-RLB, 2017 WL 3996463, at *3 (M.D. La. Aug. 21, 2017); *Addison v. Grillot Land & Marine, L.L.C.*, No. CIV.A. 02-01251, 2002 WL 1298761, at *2 (E.D. La. June 10, 2002).

[8] *Elam*, 635 F.3d at 803.

only where the removing party "lacked an objectively reasonable basis for seeking removal."[9]

Although, as indicated above, the relevant case law dictates that Alcon's removal was improper, it was not objectively unreasonable. Griffith's complaint referenced his EEOC charge and his notice of right-to-sue. These references, though ultimately insufficient to confer jurisdiction on the district court, could have led Alcon to reasonably believe that removal was proper.[10]

---

[9] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). We decide whether Alcon's removal lacked an objectively reasonable basis without regard for our ultimate conclusion that removal was improper. *See id*; *see also Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293–94 (5th Cir. 2000).

[10] *Cf. Valdes*, 199 F.3d at 293–94 (declining to award attorneys' fees to non-removing party even though removal was legally improper because removing party "could conclude from th[e] case law that its position was not an unreasonable one").